IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR402 |
| v. | |
| JESSE L. CODY, | ORDER |
| Defendant. | |

On November 4, 2021, a jury found Jesse L. Cody ("Cody") guilty of (1) sex trafficking Victim 1 by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1); (2) sex trafficking Victim 2 by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1); (3) persuading or coercing Victim 1 to travel in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2422(a); and (4) transporting Victim 1 in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2421(a). Cody then filed a post-conviction Motion for New Trial (Filing No. 97), arguing he had new evidence and the evidence used to convict him was insufficient. The Court denied his motion (Filing No. 105).

Now before the Court are Cody's Motion for Reconsideration and Motion to Amend Motion for Reconsideration (Filing Nos. 122 and 112). Cody's motion to amend supplements his original filing. In both filings, Cody asks the Court to reconsider its decision on his motion for a new trial. Cody again argues there was insufficient evidence to convict him for the crimes with which he was charged, that he did not have "fair and proper notice" of the crimes with which he was charged, and he asks to expand the record.[1]

---

[1] Cody does not specify a statutory or procedural basis for his motions to reconsider. To the extent he intends to rely in some way on Federal Rule of Civil Procedure 59(e), the Court notes the Eighth Circuit has so far declined to "decide whether to import the civil motion for reconsideration standard into the criminal context." *United States v. Luger*, 837

After a careful review, the Court finds no good cause exists to reconsider the previous Memorandum and Order (Filing No. 105). Cody's motions are denied.

In the same motion, Cody also asks for new counsel. He generally asserts a breakdown of communication with his previously retained trial counsel and points out perceived shortcomings, such as not arguing violations under *Brady v. Maryland*, 373 U.S. 83 (1963), or failing to provide evidence of "perjury by the U.S. [Attorney]." Shortly after Cody filed these motions, his previous counsel moved to withdraw (Filing No. 110). His request for new counsel has already been granted (Filing No. 117), so this issue is moot.

IT IS SO ORDERED.

Dated this 22nd day of June 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

F.3d 870, 875-76 (8th Cir. 2016) (noting that in civil cases, a motion to reconsider serves the limited purposes of correcting manifest factual or legal errors and presenting newly discovered evidence).