IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR402 |
| v. | |
| JESSE L. CODY, | ORDER ON INITIAL REVIEW |
| Defendant. | |

On November 4, 2021, a jury found defendant Jesse L. Cody ("Cody") guilty of two counts of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1), and two counts of persuading or coercing those same victims to engage in prostitution, in violation of 18 U.S.C. § 2422(a) (Filing No. 90). The Court sentenced Cody to 192 months in prison, to be followed by 5 years of supervised release (Filing No. 134).

Cody appealed, arguing "the government violated his due process right to the disclosure of exculpatory or impeachment material under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), by failing to disclose [certain] juvenile court records." *United States v. Cody*, 76 F.4th 1042, 1045 (8th Cir. 2023). He also challenged the sufficiency of the evidence for one count of sex-trafficking and appealed this Court's denial (Filing No. 105) of his motion for a new trial (Filing No. 97) based on certain testimony elicited at trial. *See id.* at 1045-46. The Eighth Circuit affirmed, *see id.*, and Cody filed a petition for rehearing, which the Eighth Circuit summarily denied, *see United States v. Cody*, No. 22-2602, 2023 WL 6818625, at *1 (8th Cir. Oct. 17, 2023).

Now pending before the Court are Cody's Motion for 30-day Extension (Filing No. 155) and Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 156), both of which he filed *pro se*. In his first motion, Cody describes the difficulty he had in finding an attorney to help him file a § 2255

motion in a timely manner. In short, he claims a lawyer his family thought they had hired for his § 2255 abandoned him at the last minute and left him to go it alone.

His second motion asserts four substantive grounds for relief under § 2255. More specifically, Cody asserts his appointed counsel was ineffective before, during, and after trial as well as on appeal. He further contends prosecutorial misconduct tainted his trial. In his motion, Cody refers to a "Memorandum of Facts and Law" that he says will follow, but the Court has not yet received it.

Cody's § 2255 motion is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214 (1996), which Congress enacted "to eliminate delays in the federal habeas review process." *Holland v. Florida*, 560 U.S. 631, 648 (2010). Under AEDPA, a prisoner generally must file a § 2255 motion within one year of the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If, as here, a prisoner does not file a petition for a writ of certiorari with the United States Supreme Court on direct review, his "judgment of conviction becomes final when the time" to file such a petition expires. *Clay v. United States*, 537 U.S. 522, 525 (2003).

By rule, the time to file a petition for a writ of certiorari expires 90 days after the appeals court enters judgment or denies a petition for rehearing. *See* Sup. Ct. R. 13(1), (3).

Cody's § 2255 motion is dated and postmarked January 13, 2025. *See*, *e.g.*, *Henderson-El v. Maschner*, 180 F.3d 984, 985 (8th Cir. 1999) (explaining that under the "prison mailbox rule," a *pro se* motion is "deemed filed on the date" a prisoner places "it in the prison mail system"); *Van Orman v. Purkett*, 43 F.3d 1201, 1202 (8th Cir. 1994) (crediting a postal certificate of service). The Clerk of Court filed it on January 22, 2025.

Cody avers his motion is timely because his "Petition for Rehearing was denied on January 15, 2024." Cody is presumably calculating that date by adding 90 days to Oct. 17, 2023—the date the Eighth Circuit actually denied (Filing No. 153) his petition for rehearing. His motion to extend also suggests a potential argument for equitable tolling, though it appears he may not need it. *See United States v. Asakevich*, 810 F.3d 418, 424 (6th Cir. 2016) (explaining a "pro se extension motion may provide support for the equitable tolling of a late, but later filed, § 2255 action" even if "there is nothing in the extension motion that would permit it to be treated as a § 2255 action").

At any rate, Cody's § 2255 motion requires further review. *See* 28 U.S.C. § 2255(b) (establishing the initial burden of proof); Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (same). Under Rule 4(b), the Court will not dismiss a § 2255 motion on initial review unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that" the prisoner "is not entitled to relief." *Id*. Because that is not the case here,

    IT IS ORDERED:
1. The United States Attorney must file an answer or otherwise respond to Cody's motion (Filing No. 156) on or before March 7, 2025.
2. Cody's Motion for 30-day Extension (Filing No. 155) is denied as moot.

Dated this 6th day of February 2025.

BY THE COURT:

*Robert F. Rossiter, Jr.*

Robert F. Rossiter, Jr.
Chief United States District Judge