IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR402 |
| v. | |
| JESSE L. CODY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the government's restricted Motion to Confirm Waiver of Attorney-Client Privilege as to Issues Raised in Defendant's Motion under 28 U.S.C. § 2255 (Filing No. 160) and defendant Jesse L. Cody's ("Cody") Motion for Leave to File an Oversized Brief (Filing No. 162). Neither party opposes the other's motion.

Taking Cody's motion first, the Court questions whether the brief attached to his motion is overlength at all. By the Court's count, Cody's brief complies with the Court's word limit. NECivR 7.1(d). In any event, the Court will deem the brief filed, consider it in its entirety, and deny his motion for leave as moot.

The government's motion for confirmation requires a little more discussion. As grounds for sentencing relief under § 2255, Cody alleges (Filing No. 156) his appointed counsel at trial, Matthew Knipe ("Knipe"), and at sentencing and on appeal, Julie Frank ("Frank"), were unconstitutionally ineffective in representing him. *See generally Strickland v. Washington*, 466 U.S. 668, 687 (1984). To rebut Cody's allegations, the government seeks to communicate directly with Knipe and Frank about their representation of Cody and obtain affidavits allowing them to respond to the accusations against them.

The government notes the Eighth Circuit has determined that a defendant who voluntarily discloses confidential attorney-client communications or places his counsel's advice at issue waives the attorney-client privilege. *See United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."). Put simply, a defendant cannot "use attorney-client privilege 'as both a shield and a sword.'" *Davis*, 583 F.3d at 1090 (quoting *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998)).

Despite that pithy and vivid idiom, the government also outlines some concerns at the margins. Pointing to Formal Opinion 10-456 from the American Bar Association's Standing Committee on Ethics and Professional Responsibility,[1] the government questions whether a former attorney can ethically "disclose information pertaining to a former client's ineffective assistance claims outside of formal, court-supervised proceedings, such as depositions and hearings." It asks for a formal "Order finding Cody has waived his attorney-client privilege and allowing [Knipe and Frank] to provide affidavits and to communicate with the [government] for the limited purpose of addressing all pertinent information that is necessary to fairly respond to Cody's Motion."

After careful review, the Court finds Cody has waived his attorney-client privilege with respect to those privileged communications and other aspects of his counsel's representation that he placed in issue by claiming specific acts of ineffective assistance of counsel in his § 2255 motion. *See Tasby*, 504 F.2d at 336 ("When a client calls into public question the competence of his attorney, the privilege is waived."). That waiver is

---

[1]Like the esteemed Judge E. Richard Webber, the Court notes "ABA Formal Opinions are not binding on the Court" but can raise important ethical issues for the courts and counsel to consider. *Jones v. United States*, No. 4:11CV00702 ERW, 2012 WL 484663, at *2 (E.D. Mo. Feb. 14, 2012).

not necessarily limited to formal court proceedings like a hearing or deposition, *see United States v. Rootes*, No. CR 18-312, 2021 WL 5235136, at *4 (D. Minn. Nov. 10, 2021) (allowing counsel to provide "otherwise privileged information to the Government in an affidavit to address the claims made by Defendant and in testimony at an evidentiary hearing"), but neither is it unlimited, *see Jones*, 2012 WL 484663, at *2 (striving for balance); *cf. also Davis*, 583 F.3d at 1090 (discussing the specific extent of the defendant's waiver). Counsel always retains their duty to decide what reasonably falls within the proper scope of a defendant's privilege waiver and should feel free to reach out to the Court for guidance in making close calls. *See id.*; *Crusoe v. United States*, No. C10-0002-LRR, 2012 WL 877018, at *2 n.2 (N.D. Iowa Mar. 15, 2012) (describing reasonable steps counsel can take if they conclude they "cannot comply with [a court] order without violating an attorney-client privilege or if counsel concludes that [they] cannot reasonably determine the scope of the waiver of the attorney-client privilege"). With that,

IT IS ORDERED:

1. The government's Motion to Confirm Waiver of Attorney-Client Privilege as to Issues Raised in Defendant's Motion under 28 U.S.C. § 2255 (Filing No. 160) is granted.

2. The government is directed to provide a copy of this Memorandum and Order to Matthew Knipe and Julie Frank.

3. Defendant Jesse L. Cody's Motion for Leave to File an Oversized Brief (Filing No. 162) is denied as moot. The brief he has submitted in support of his § 2255 motion is deemed filed.

4. The government shall file a response to Cody's § 2255 motion on or before April 7, 2025, as previously ordered (Filing No. 164).

5. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Cody at his address of record.

Dated this 7th day of March 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge