IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JESSE L. CODY,<br><br>    Defendant. | 8:19CR402<br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the Court on defendant Jesse L. Cody's ("Cody") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 156), which is now fully briefed. In broad terms, Cody alleges ineffective assistance of counsel and prosecutorial misconduct. The government concedes Cody's § 2255 motion is timely but urges the Court to deny it on the merits (Filing No. 173). The government says nothing about the need for a hearing.

  Also pending before the Court are Cody's (1) Motion to Extend, Motion to Appoint Counsel, and Motion for Hearing (Filing No. 179); (2) Motion to Compel Defense Counsel to Surrender the Case File (Filing No. 180); (3) Motion to Request Jencks Act Material (Filing No. 182); (4) Motion to Compel Defense Counsel to Surrender the Case File (Filing No. 183); (5) Motion to Raise "Actual Innocence" as Ground in § 2255 Proceedings (Filing No. 185); and (6) Motion to Request Release of Certain Discovery Materials (Filing No. 186). Cody ties his "actual innocence" motion to his allegations of perjury, ineffective assistance, and prosecutorial misconduct. He also states he "feels compelled to address an absurd claim made by the Eighth Circuit upon his Direct Appeal concerning" one of his counts of conviction.

  Taking Cody's request for counsel and a hearing first, the Court notes it generally must hold a hearing on Cody's § 2255 motion "[u]nless the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). If the Court grants Cody an evidentiary hearing, it must appoint counsel to represent him. *See id.* § 2255(g); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts; *cf. Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) ("The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition.").

On this record, the Court cannot definitively say Cody is not entitled to any relief on all his claims. *See Mayfield v. United States*, 955 F.3d 707, 711 (8th Cir. 2020) (remanding for a hearing where the existing record did "not conclusively refute" the prisoner's ineffective-assistance claim). In opposing Cody's motion, the government relies heavily on sworn declarations from Cody's trial and appellate counsel (Filing Nos. 172-1, 172-2) that Cody challenges at every turn. Given that reliance, Cody's response, and the nature of his claims, the Court finds that a hearing is required to fully and fairly consider Cody's motion. *See*, *e.g.*, *Franco v. United States*, 762 F.3d 761, 763-65 (8th Cir. 2014) (requiring an evidentiary hearing to resolve credibility issues raised in conflicting affidavits). In these circumstances, Cody should at least have an opportunity—with the assistance of counsel—to cross-examine his former attorneys, Matthew J. Knipe ("Knipe") and Julie A. Frank ("Frank"), regarding their representation of him in this case and their interactions with the prosecutor.

In light of the appointment of counsel in this matter, the Court will deny Cody's ancillary *pro se* motions—most of which seek broad discovery. Knipe and Frank may have an ethical obligation to provide Cody with any "papers and property to which [he] is entitled" as a former client. *United States v. Moore*, No. 4:22-CR-3102, 2024 WL 4212972, at *1 (D. Neb. Sept. 17, 2024) (citing Neb. Ct. R. of Prof. Cond. § 3-501.16(d)). But as a prisoner seeking relief under § 2255, he is generally not entitled to discovery unless he can show good cause. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

2

discovery as a matter of ordinary course."); *Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation."); Rule 6(a), Rules Governing Section 2255 Proceedings for the United States District Courts (imposing a good-cause requirement for discovery).

The Court also expresses no opinion as to the scope, validity, or timing of Cody's proposed "actual innocence" claim. *See Wadlington v. United States*, 428 F.3d 779, 783 (8th Cir. 2005) ("An actual innocence claim is 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 315 (1995))); *accord McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (concluding "that actual innocence, if proved, serves as a gateway through which a petitioner may pass" through an impediment, including the "expiration of the statute of limitations"). Having decided to appoint counsel to assist Cody with his § 2255 motion, the Court will leave any decisions about the best way to move forward on that motion to them.

For the foregoing reasons,

IT IS ORDERED:

1. Defendant Jesse L. Cody's Motion to Extend, Motion to Appoint Counsel, and Motion for Hearing (Filing No. 179) is granted as stated in this Memorandum and Order.
2. An evidentiary hearing on Cody's 28 U.S.C. § 2255 Motion is set for November 25, 2025 at 1:30 p.m. in Courtroom No. 4, Roman L. Hruska Federal Courthouse, 111 S. 18th Plaza, Omaha, Nebraska 68102.
3. The Federal Public Defender for the District of Nebraska is appointed to represent Cody at the hearing. If the Federal Public Defender accepts this appointment, the Federal Public Defender shall promptly file an appearance in this matter. In the event the Federal Public Defender should decline this appointment for reason of conflict or based on the Criminal Justice Act Plan, the Federal Public Defender shall promptly provide the Court with a draft appointment order (CJA Form 20) bearing the name and other

      identifying information of the CJA Panel attorney identified in accordance with the Criminal Justice Act Plan for this district.

4. The Clerk of Court shall provide a copy of this Memorandum and Order to the Federal Public Defender.

5. The Court will arrange for Cody to participate by telephone. Counsel, Knipe, and Frank will appear in person.

6. The parties may call other witnesses and present other relevant evidence at the hearing.

7. Cody's Motion to Compel Defense Counsel to Surrender the Case File (Filing No. 180), Motion to Request Jencks Act Material (Filing No. 182), Motion to Compel Defense Counsel to Surrender the Case File (Filing No. 183), Motion to Raise "Actual Innocence" as Ground in § 2255 Proceedings (Filing No. 185), and Motion to Request Release of Certain Discovery Materials (Filing No. 186) are denied.

Dated this 12th day of September 2025.

                BY THE COURT:

                Robert F. Rossiter, Jr.
                Chief United States District Judge